UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DENISE SALERNO, individually
and as Administrator of the
ESTATE OF ARTHUR ANTHONY
SALERNO, JR.,

        Plaintiffs,

  v.

COUNTY OF BUTTE, CALIFORNIA;
SHERIFF/CORONER PERRY L.
RENIFF; et al.,

        Defendants.

NO. CIV. S-07-2157 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Denise Salerno's, individually and as the Administrator of the Estate of Arthur Anthony Salerno, Jr. ("plaintiff"), motion to modify the pretrial scheduling order to permit the filing of a second amended complaint. Fed. R. Civ. P. 16(b). Plaintiff seeks to allege claims for relief against certain sheriff deputies, Sergant Meyer, Officer Fuller, Officer Warren and Officer Thornton (the "Deputies"), who plaintiff claims she originally named as "Doe" defendants since until only recently the extent of

1

these Deputies' involvement in the subject incident was unknown.

In this action, plaintiff brings civil rights claims, pursuant to 42 U.S.C. § 1983, as well as state law claims for wrongful death, negligence and medical malpractice against the various defendants, arising from the death of plaintiff's brother, Arthur Anthony Salerno, Jr., while he was booked into custody at the Butte County Correctional Facility ("Butte County Jail"). (FAC, filed Aug. 26, 2008 [Docket # 28].) In her original complaint, plaintiff named the County of Butte, Sheriff/Coroner Reniff and several CHP Officers as defendants. Plaintiff later sought, and was granted, leave to amend her complaint to add a state common law claim for medical malpractice against two newly discovered defendants, California Forensic Medical Group, Inc. ("CFMG") and Debora Pautsch ("Pautsch"). (Docket #27.)

Subsequently, plaintiff sought to add a Section 1983 claim against CFMG and Pautsch, arguing that certain recently produced documents revealed that CFMG and Pautsh, a nurse employed by CFMG, were under a contract with the County of Butte to be the sole provider of medical services to inmates at the Butte County Jail. Plaintiff argued that this contract supported the assertion of a Section 1983 against CFMG and Pautsch. However, the court denied plaintiff's motion, finding that plaintiff failed to diligently move to amend the pretrial order since the subject contract was produced by defendants approximately a year prior to plaintiff's motion. (Docket #54.)

Similarly here, defendants oppose the instant motion on the ground that plaintiff has been aware of both the Deputies'

identities and the nature of their involvement in the incident since early 2008. Defendants contend that in January 2008, they disclosed the identities of these Deputies, and in March 2008, defendants produced various investigative reports, interview statements and videotapes which described and depicted these officers' respective actions and conduct in relation to the decedent in this case.[1]

A pretrial order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. at 610.

Here, plaintiff cannot demonstrate good cause to permit the instant amendment of the complaint because plaintiff has been aware of the Deputies' identities and known the extent of their involvement in the incident since early 2008. (Whitefleet Decl., filed Dec. 31, 2009, Exs. A-C.) Even a cursory review of the

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

3

documents disclosed by defendants reveals the respective roles of the Deputies in handling the decedent on the day in question. The reports describe that after observing and considering decedent under the influence of drugs and alcohol and uncooperative, Sergeant Meyer directed Officers Warren, Fuller and Thornton to put decedent in a variety of control holds, that Officer Warren specifically held decedent's feet, and that Officer Fuller had his knee in decedent's back/shoulder area for a period of time until Sergeant Meyer told him to move his knee. Ultimately, Sergeant Meyer directed the officers to carry decedent to "Sobering [cell] #1." (Id.) The videotapes depict the officers removing decedent from the patrol vehicle, carrying him into the booking area, securing his feet and hands while face down as the nurse checked his vital signs, carrying him into the sobering cell, conducting a further pat down in the cell, and finally performing CPR. (Id.)

"Neither ignorance nor carelessness upon the part of the litigant or his attorney provide grounds for relief under Rule 16(b)(1)." Engleson v. Burlington Northern Railroad Co., 972 F.2d 1038, 1043 (9th Cir. 1992). Here, it is undisputed that plaintiff and her counsel were in possession of the above information in early 2008. Nonetheless, plaintiff claims that the "*full*" extent of the Deputies' involvement in the incident was not evident until the Deputies' depositions were taken in the summer of 2009.

Plaintiff's argument is unavailing. First, in August 2008, plaintiff filed a first amended complaint (Docket #28) which alleged that certain unnamed sheriff deputies caused decedent's

death by use of excessive force when they held decedent's face down, "interfered with his breathing, placed their body on his head, chest and/or torso, causing [d]ecedent to asphyxiate, sustain a cardiac arrest, and become comatose." (FAC ¶s 16, 26.) These alleged facts closely resemble the facts described in the investigative reports, interview statements and videotapes produced by defendants. Clearly, plaintiff knew of the Deputies' respective involvement in the incident, and she could have named the Deputies as defendants but did not do so. Subsequently, in the parties' Joint Status Report filed on November 10, 2008, plaintiff stated that she did not anticipate any further joinder of additional parties. Plaintiff again sought leave to amend in June 2009, but she did not move to add the Deputies as defendants.

Contrary to plaintiff's protestations, the documents produced by defendants in early 2008 sufficiently revealed the nature and extent of the Deputies' involvement in this incident to prompt plaintiff to move to amend her complaint to add the Deputies as defendants. Rule 16(b) requires in the first instance diligence. Plaintiff has failed to show that depositions of the Deputies were required to discern a basis for any claim for relief against them. As a result of the materials produced in early 2008, plaintiff should have discovered the basis for any claims against the Deputies, as their identities were disclosed and their involvement in handling decedent was both described in written reports and depicted on videotapes. That plaintiff and her counsel apparently failed to recognize the sufficiency of this information when they received it, does not

1  constitute good cause to amend the scheduling order.  See <u>Schmidt</u>
2  <u>v. Fidelity Nat'l Title Ins. Co.</u>, Civ. No. 07-356 HG-LEK, 2009 WL
3  1955313 (D. Hawaii June 30, 2009) (finding the allegation of the
4  third-party defendants that the production of the pivotal
5  documents was "recent" was untrue as the documents had been
6  produced earlier, and thus, the third-party defendants' failure
7  to appreciate the significance of the documents at the time they
8  received them did not constitute good cause under Rule 16).
9      Accordingly, because the court cannot find that plaintiff
10 has diligently sought amendment of her pleading to name the
11 Deputies as defendants, her instant motion must be DENIED.
12     IT IS SO ORDERED.
13 DATED: January 15, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

6